# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MATTHEW ROE,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>BRENDA M. CASH,<br><br>　　　　　　　Respondent. | Civil No.　10-CV-1963 MMA (JMA)<br><br>**ORDER:**<br><br>**(1) CONSTRUING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AS A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254;**<br><br>**(2) CONSTRUING TRUST ACCOUNT STATEMENT AS MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION AS MOOT; and**<br><br>**(3) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

　　　On September 15, 2010, Petitioner, a prisoner currently incarcerated at the California State Prison, Los Angeles County and proceeding pro se, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (*See* Doc. No. 1.) Petitioner is currently in state custody pursuant to state court conviction from San Diego County. He seeks to attack the validity of that conviction. (*Id.*)

///

## ORDER CONSTRUING DOCUMENT AS
## A PETITION FILED PURSUANT TO 28 U.S.C, § 2254

Although the current action was filed as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, the Court will construe it as a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Because Petitioner is in state custody and is challenging the validity of a state court conviction, he may not proceed under section 2255, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment").

## ORDER CONSTRUING PRISON TRUST ACCOUNT STATEMENT AS
## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has submitted a prison trust account statement which the Court construes as an application to proceed in forma pauperis. Because the Court denies this Petition as second or successive, the application to proceed in forma pauperis is **DENIED** as moot.

## PETITION BARRED BY GATEKEEPER PROVISION

It appears that the instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his December 17, 1996 conviction in San Diego Superior Court case No. SCD 123639. On October 12, 2004, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 04cv2062. In that petition, Petitioner challenged his December 17, 1996 conviction in San Diego Superior Court case No. SCD 123639 as well.[1] On August 5, 2005, this Court granted Respondent's Motion to Dismiss finding the Petition was barred by the statute of limitations, procedurally defaulted and was a

---

[1] On the face of the Petition, Petitioner states he is challenging a conviction that occurred in San Diego Superior Court on February 17, 1996, (Pet. at 1) rather than December 17, 1996. However, Petitioner further claims that he challenged the February 17, 1996 conviction in a Petition for Review denied by the California Supreme Court, case number S072666, which is the same California Supreme Court case number given to the Petition for Review of his December 17, 1996 conviction. [See Report and Recommendation dated July 5, 2005, Case number 04cv2062 LAB (RBB).] Therefore, it appears Petitioner is challenging the same conviction in the present Petition that he previously challenged in case number 04cv2062 LAB (RBB).

1  mixed petition not entitled to stay and abeyance.  (*See* Order filed August 5, 2005 in case No.
2  04cv2062 LAB (RBB) [Doc. No. 12].)  Petitioner did not appeal that determination.

3  It now appears Petitioner is seeking to challenge the same conviction he challenged in his
4  prior federal habeas petition.  Unless a petitioner shows he or she has obtained an Order from
5  the appropriate court of appeals authorizing the district court to consider a successive petition,
6  the petition may not be filed in the district court.  *See* 28 U.S.C. § 2244(b)(3)(A).  Here, there
7  is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a
8  successive petition.

## CONCLUSION

10  In light of the above, the Court (1) construes Petitioner's Motion to Vacate, Set Aside or
11  Correct Sentence pursuant to 28 U.S.C. § 2255, as a Petition for a Writ of Habeas Corpus by a
12  Person in State Custody pursuant to 28 U.S.C. § 2254, (2) construes the prison trust account
13  statement Petitioner submitted as an application to proceed in forma pauperis and **DENIES** it
14  as moot,  and (3) **DISMISSES** this action without prejudice to Petitioner filing a petition in this
15  court if he obtains the necessary order from the Ninth Circuit Court of Appeals.  *The Clerk of*
16  *Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File Second*
17  *or Successive Petition*.

19  **IT IS SO ORDERED.**
20  DATED: December 14, 2010

    Hon. Michael M. Anello
    United States District Judge